

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGIO DE LA CRUZ,

    Plaintiff,

v.

M. AZZIZUR RAHMAN a/k/a M. AZIZUR RAHMAN a/k/a MOHAMMED AZZIZUR RAHMAN a/k/a MOHAMMED AZIZUR RAHMAN,

    Defendant.



Case No. **05 CV 10846**

JUDGE COTE

RECEIVED DEC 29 2005 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

1. In the Winter and Spring of 2004, Defendant M. AZZIZUR RAHMAN imprisoned and enslaved Plaintiff SERGIO DE LA CRUZ at a construction site in the Bronx, New York. The Defendant held Mr. de la Cruz against his will, locked him into the construction site at night, seized Mr. de la Cruz's passport and other personal documents, threatened him, and assaulted him when he complained about his working conditions. The Defendant insisted on wiring Mr. de la Cruz's meager earnings to his family in Mexico, rather than paying him directly, so that Mr. de la Cruz would not have any cash available should he attempt to escape.

2. Defendant held Plaintiff in involuntary servitude and forced Plaintiff's labor in violation of the Thirteenth Amendment of the United States Constitution; federal criminal laws codified in 18 U.S.C. §§ 1589 (forced labor) and 1590 (trafficking), for which a private right of action was authorized by the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA"), 18 U.S.C. § 1595; and the Alien Torts Claims Act ("ATCA"), 28 U.S.C. § 1350.

-1-

3.  Defendant failed to pay the Plaintiff the federal and state minimum wage or overtime, as required by the Fair Labor Standards Act ("FLSA") and Article 19 of the New York State Labor Law and its implementing regulations. Defendant also did not pay Plaintiff his "spread of hours" wages, in violation of New York Labor Law.

4.  Defendant committed the New York State torts of False Imprisonment and Intentional Infliction of Emotional Distress against Plaintiff.

5.  Defendant assaulted and battered Plaintiff.

## JURISDICTION

6.  The jurisdiction of this Court is invoked by 29 U.S.C. § 216(b), this action arising under the FLSA; by 18 U.S.C. § 1595, this action arising under the provisions of 28 U.S.C. §§ 1589 and 1590; by 28 U.S.C. § 1350, this action arising under the Alien Torts Claims Act; by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. § 1331, this action involving questions of federal law.

7.  Supplemental jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. § 1367(a) as the state law claims are part of the same case or controversy as the federal claims.

## VENUE

8.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a). Defendant's unlawful employment practices were committed in Bronx County, New York, within the jurisdiction of this Court.

## PARTIES

Plaintiff

9. Plaintiff was an employee of Defendant, within the meaning of the FLSA and New York Labor Law, between on or about February 15, 2004 and on or about June 17, 2004.

10. At all relevant times, Plaintiff was engaged in an industry affecting interstate commerce.

11. At all relevant times, Plaintiff was a manual laborer within the meaning of New York Labor Law.

12. At all relevant times, Plaintiff was a victim of a severe form of trafficking in persons within the meaning of the Trafficking Victims Protection Reauthorization Act of 2003, 22 U.S.C. § 7102(8).

Defendant

13. Upon information and belief, Defendant also is commonly known as M. AZIZUR RAHMAN, MOHAMMED AZZIZUR RAHMAN, and/or MOHAMMED AZIZUR RAHMAN.

14. Defendant regularly does business within the Southern District of New York.

15. At all relevant times, the Defendant employed Plaintiff.

16. At all relevant times, the Defendant was engaged in an industry affecting commerce.

17. At all relevant times, Defendant was an employer of Plaintiff within the meaning of 29 U.S.C. § 203(g).

18. At all relevant times, Defendant owned and/or operated a building renovation, construction, and real estate business.

19. Upon information and belief, at all relevant times Defendant resided at 2022 Benedict Ave., Apartment 4-A, Parkchester (Bronx), New York 10462.

**FACTS**

20. Defendant recruited and hired Plaintiff, who was a day laborer, in Yonkers, New York on or about February 15, 2004.

21. While employed by Defendant, Plaintiff worked as a welder.

22. Soon after Plaintiff started working for Defendant at Defendant's construction site at 2039-37 Benedict Avenue in Parkchester (Bronx), New York on or about February 15, 2004, Defendant took possession of all of Plaintiff's identification documents against Plaintiff's will.

23. During Defendant's employment of Plaintiff, Defendant required that Plaintiff spend his nights in a room at the Defendant's construction sites in the Bronx and in Queens, New York.

24. For a period of Defendant's employment of Plaintiff, and against Plaintiff's will, Defendant locked Plaintiff into a room every night once work was completed. Plaintiff had no way to leave the room once it was locked and was conscious of the fact that there was no way to leave the room once it was locked.

25. The room did not have proper bedding, bathroom facilities, or adequate heat.

26. At all relevant times, the construction site where Plaintiff worked and lived was surrounded by a locked chainlink fence, and Plaintiff was aware that it was surrounded by a locked chainlink fence.

27. Defendant never paid cash wages to Plaintiff.

28. Periodically, and against Plaintiff's expressed wished, Plaintiff and Defendant went to a money wiring business, where Defendant would wire money to Plaintiff's family in Mexico. Defendant wired this money to Plaintiff's family rather than pay the wages directly to Plaintiff for the purpose of preventing Plaintiff from accessing any cash which Plaintiff might use to facilitate his escape.

29. On several occasions, Defendant threatened to turn Plaintiff over to law enforcement authorities if Plaintiff attempted to escape.

30. On or about June 16, 2004, Defendant assaulted and battered Plaintiff when Plaintiff asked for cash wages for his work.

31. After Defendant assaulted and battered Plaintiff, Plaintiff weighed the danger of remaining enslaved against the danger of attempting to escape, and decided he had to attempt to escape.

32. On or about June 17, 2005, Plaintiff was able to escape by sneaking away from the Defendant's workplace while Defendant was not looking. When Plaintiff escaped, he had no money because Defendant had not paid him, no identification because Defendant had confiscated it, and no personal property other than his clothes because he had to leave it in his quarters so that Defendant would not anticipate his escape.

33. For the reasons set forth in paragraphs 22 through 32, *supra*, Plaintiff did not believe he had any choice but to continue to work for Defendant. Defendant maintained constant control of Plaintiff, and Plaintiff believed that he would suffer serious harm or physical restraint if he tried to escape. Aside from locking Plaintiff into a room at night and assaulting and battering

Plaintiff, Defendant knew that retaining Plaintiff's identity documents would dissuade Plaintiff from leaving. Defendant also knew that wiring Plaintiff's sub-minimum wages to Mexico, rather than paying Plaintiff cash wages as required by law, would prevent Plaintiff from having any cash available to pay for transportation from the worksite should he try to escape.

34. When Plaintiff escaped from Defendant's workplace, Plaintiff was forced to abandon his personal property, which Plaintiff has not recovered to date.

35. Plaintiff regularly worked more than 40 hours per week for Defendant. He frequently worked 70 or more hours per week for Defendant.

36. Plaintiff was not paid time and one-half for every hour worked over 40 hours per week.

37. Plaintiff regularly worked seven days per week and more than 10 hours per day for Defendant.

38. While employed by Defendant, the spread of hours from the start to the finish of Plaintiff's workday regularly exceeded 10 hours.

39. Defendant failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiff's spread of hours exceeded 10 hours.

40. Defendant's failure to pay Plaintiff the proper wages required by law was willful.

41. All actions and omissions described in this Complaint were made by Defendant directly or through Defendant's supervisory employees and agents.

## FIRST CAUSE OF ACTION (COUNT I)

### (Fair Labor Standards Act)

42. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 as if set forth fully here.

43. Defendant failed to pay minimum wages to Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 and its implementing regulations.

44. Defendant failed to pay overtime wages to Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 and its implementing regulations.

45. Defendant's violations of the FLSA were willful, in that the Defendant knew or showed reckless disregard for the issue of whether Defendant's conduct was prohibited under the FLSA.

46. As the result of Defendant's failure to comply with the FLSA minimum wage and overtime requirements, Plaintiff is entitled to damages in the amount of the required wages not paid to Plaintiff, and an equal amount in liquidated damages.

## SECOND CAUSE OF ACTION (COUNT II)

### (Thirteenth Amendment of the United States Constitution; and the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1595)

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if set forth fully here.

48. Defendant willfully and continuously held Plaintiff in involuntary servitude in violation of 18 U.S.C. § 1584 by threatening Plaintiff with legal coercion and use of force in order, as described in paragraphs 22 to 32, *supra*, to cause Plaintiff to believe that he had no choice but to continue to work for the Defendant.

49. Defendant provided and obtained the labor and services of the Plaintiff through the use of (1) threats of serious harm to and physical restraint against the Plaintiffs, (2) a scheme, plan, or pattern intended to cause the Plaintiff to believe that, if he did not perform such labor or services, that he would suffer serious harm or physical restraint, and/or (3) abuse or threatened abuse of law or the legal process, as described in paragraphs 22 to 32, *supra*, in violation of 18 U.S.C. § 1589.

50. Defendant knowingly recruited, harbored, transported, and obtained Plaintiff for labor or services in violation of 18 U.S.C. §§ 1584, and 1589, as described in paragraphs 22 to 32, *supra*, thereby violating 18 U.S.C. § 1590.

51. Defendant acted with malicious intent to impose a condition of indentured servitude, forced labor, and trafficking with respect to involuntary servitude and forced labor (hereinafter collectively referred to as "forced labor") upon Plaintiff against his will.

52. Defendant imposed a condition of forced labor upon Plaintiff.

53. This condition of forced labor was enforced by threats of force and legal coercion and by Defendant's total control over every aspect of Plaintiff's life, as described in paragraphs 22 through 32, *supra*.

54. By these acts, the Defendant violated the Thirteenth Amendment of the United States Constitution; and federal criminal law codified in 18 U.S.C. §§ 1589 (forced labor) and 1590 (trafficking), for which a private right of action was authorized by the TVPRA, 18 U.S.C. § 1595.

55. The Defendant committed these acts willfully, knowingly, and in purposeful disregard of Plaintiff's rights.

56. Plaintiff suffered injuries as a result of these actions.

### THIRD CAUSE OF ACTION (COUNT III)

### (Alien Tort Claims Act)

57. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56 as if set forth fully here.

58. Plaintiff brings this claim pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350.

59. Defendant obtained Plaintiff's labor through legal, psychological and other means of coercion intended to cause Plaintiff to believe that he would suffer serious harm if he did not continue to work for the Defendant.

60. Through such actions, Defendant committed the torts of involuntary servitude and forced labor in violation of treaties of the United States, which in concert with other international instruments constitute the law of nations for purposes of the Alien Tort Claims Act, 28 U.S.C. § 1350. The controlling law of nations includes, but is not limited to, the Universal Declaration of Human Rights, G.A. Res. 217A (III.), U.N. Doc. A/810, at 71 (1948); the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, 61 I.L.M. 368; the Slavery Convention on the Abolition of Slavery, the Slave Trade and Institutions and Practices Similar to Slavery, Sept. 7, 1956, 18 U.S.T. 3201, 266 U.N.T.S. 3; the International Labour Organisation (ILO) on Fundamental Principles and Rights at Work, International Labour Conference (ILC) 86th Sess., June 19, 1998, §2(c), 37 I.L.M. 1233; the Convention Concerning Forced or

Compulsory Labour, June 28, 1930, 39 U.N.T.S. 55; and the Convention Concerning the Abolition of Forced Labour, June 25, 1957, 320 U.N.T.S. 291

61. Plaintiff suffered injuries as a result of these actions.

## FOURTH CAUSE OF ACTION (COUNT IV)

### (New York Labor Law)

62. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 61 as if set forth fully here.

63. Defendant paid the Plaintiff less than the state-mandated minimum wage in violation of New York Labor Law, §§ 652 and 670 *et seq.*.

64. Defendant failed to pay overtime wages to Plaintiff in violation of New York Labor Law Article 19 and its implementing regulations, 12 NYCRR §142-2.2, *et seq.*.

65. Defendant failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when Plaintiff's work day from start to finish was longer than ten hours, in violation of New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

66. Defendant's failure to pay the required wages as set forth in paragraphs 63 through 65, *supra*, was willful within the meaning of New York Labor Law.

67. Plaintiff is entitled to his unpaid wages, plus an additional 25 percent as liquidated damages, and prejudgment interest, as a consequence of the Defendant's actions and omissions in violation of New York Labor Law in its implementing regulations.

## FIFTH CAUSE OF ACTION (COUNT V)

### (False Imprisonment)

68. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67 as if set forth fully here.

69. Defendant acted with malicious intent to confine Plaintiff.

70. Plaintiff was conscious of the confinement imposed upon him by the Defendant.

71. Plaintiff did not consent to the confinement imposed upon him by the Defendant.

72. The confinement imposed upon Plaintiff by the Defendant was not otherwise privileged.

73. Plaintiff suffered severe emotional distress and injury as a result of Defendant's actions.

## SIXTH CAUSE OF ACTION (COUNT VI)

### (Intentional Infliction of Emotional Distress)

74. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 73 as if set forth fully here.

75. Defendant's conduct toward Plaintiff was extreme and outrageous.

76. Defendant undertook this conduct with the intent to cause, or with the disregard of the substantial probability of causing, severe emotional distress.

77. Plaintiff suffered severe emotional distress and injury as a result of Defendant's actions; this emotional distress and injury was causally connected to Defendant's actions.

## SEVENTH CAUSE OF ACTION (COUNT VII)

### (Assault and Battery)

78. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 77 as if set forth fully here.

79. Defendant intentionally placed Plaintiff in apprehension of imminent harm or oppressive contact.

80. With the intent to cause injury to Plaintiff, Defendant by physical contact caused injury to Plaintiff.

81. The Plaintiff suffered injury as a result of Defendant's actions. Defendant is liable to Plaintiff for damages, including punitive damages, arising from this assault and battery.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will enter an order:

a. Declaring that the Defendant has intentionally violated the FLSA and its implementing regulations as set forth in Count I;

b. Granting judgment in favor of Plaintiff and against Defendant on the Plaintiff's FLSA claims as set forth in Count I, and awarding Plaintiff his unpaid minimum wages and overtime wages, and an equal amount in liquidated damages;

c. Declaring that the Defendant has intentionally violated the Thirteenth Amendment of the United States Constitution; and federal criminal law codified in 18 U.S.C. §§ 1589 (forced labor) and 1590 (trafficking), for which a private right of action was authorized by the TVPRA, 18 U.S.C. § 1595 as set forth in Count II;

d.  Granting judgment in favor of Plaintiff and against Defendant on claims brought under the Thirteenth Amendment of the United States Constitution; and federal criminal law codified in 18 U.S.C. §§ 1589 (forced labor) and 1590 (trafficking), for which a private right of action was authorized by the TVPRA, 18 U.S.C. § 1595 as set forth in Count II, and awarding Plaintiff his actual damages and punitive damages;

e.  Declaring that the Defendant has intentionally violated the Alien Tort Claims Act, 28 U.S.C. § 1350 as set forth in Count III;

f.  Granting judgment in favor of Plaintiff and against Defendant on claims brought under the Alien Tort Claims Act, 28 U.S.C. § 1350 as set forth in Count III, and awarding Plaintiff his actual damages and punitive damages;

g.  Declaring that the Defendant has intentionally violated New York Labor Law as set forth in Count IV;

h.  Granting judgment in favor of Plaintiff and against Defendant on claims brought under New York Labor Law as set forth in Count IV, and awarding Plaintiff his actual damages;

i.  Declaring that the Defendant falsely imprisoned Plaintiff as set forth in Count V;

j.  Granting judgment in favor of Plaintiff and against Defendant on claims brought for false imprisonment as set forth in Count V and awarding Plaintiff his actual damages plus punitive damages;

k.  Declaring that the Defendant intentionally inflicted emotional distress upon Plaintiff as set forth in Count VI;

l.  Granting judgment in favor of Plaintiff and against Defendant on claims brought for intentional infliction of emotional distress as set forth in Count VI, and awarding Plaintiff his or her actual damages and punitive damages;

m.  Declaring that the Defendant intentionally assaulted and battered Plaintiff as set forth in Count VII;

n.  Granting judgment in favor of the Plaintiff and against Defendant on claims brought for Assault and Battery as set forth in Count VII, and awarding Plaintiff his or her actual damages and punitive damages;

o. Permanently enjoining Defendant from further violations of law as set forth in Counts I through VII.

p. Awarding the Plaintiff prejudgment interest for all claims other than claims brought under the Fair Labor Standards Act;

q. Awarding the Plaintiff the costs of this action;

r. Awarding the Plaintiff a reasonable attorney's fee with respect to their claims under FLSA, the TVPRA, and New York Labor Law; and

s. Granting such further relief as this Court deems just and equitable.

Dated: December 20, 2005

Respectfully Submitted,

_____
Daniel Werner (DW-9986)
dwerner@wnylc.com
Kati Griffith (KG-3291)
kgriffith@wnylc.com
WORKERS' RIGHTS LAW CENTER
   OF NEW YORK, INC.
101 Hurley Ave., Suite 5
Kingston, NY 12401
(845)331-6615
Fax: (845)331-6617

Attorneys for Plaintiff